UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONNIE JAMES WILLIAMS, JR.,<br><br>Defendant. | No. 2:07-cr-00483-TLN<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Ronnie James Williams, Jr.'s ("Defendant") Motion for Judicial Recommendation for Halfway House Placement. (ECF No. 351.) The Government has not filed a response. For the reasons set forth below, Defendant's Motion for Judicial Recommendation is DENIED.

On October 21, 2021, based on Defendant's admission to a new law violation on supervised release, the Court revoked Defendant's supervised release and sentenced Defendant to an eight-month term of imprisonment with no term of supervision to follow. (ECF No. 345.)

"Two statutory provisions govern the BOP's authority to place inmates in its custody in [residential re-entry centers ("RRCs")]: 18 U.S.C. §§ 3621(b) and 3624(c)." *Shacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c)(1) provides the BOP "shall, to the extent practicable,

ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1).  A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC.  18 U.S.C. § 3621(b).  A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has "no binding effect" on the BOP to determine or change a prisoner's placement.  18 U.S.C. § 3621(b).

Defendant requests the Court recommend him for a "three-month halfway house placement with home confinement on the maximum amount authorized by law." (ECF No. 351 at 3.)  However, Defendant fails to submit any evidence with his motion that might otherwise show he merits a judicial recommendation. *See, e.g.*, *United States v. Bartels*, No. 12–CR–20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016) (finding prisoner was a good prospect for successful rehabilitation because he was relatively young, cooperated with prosecutors in his case, and participated in five BOP rehabilitation programs); *United States v. Baker*, No. 3:01–CR–94–01–MHT, 2013 WL 355867, at *1–2 (M.D. Al. Jan. 29, 2013) (citing substantial evidence of prisoner's stellar prison record and recommendations from two BOP supervisors); *United States v. Qadri*, No. CR–06–00469–LEK, 2017 WL 1011663, at *1–2 (D. Haw. Mar. 15, 2017) (citing prisoner's good conduct and compliance with release conditions during six years of pretrial release and two years of appeal release, lack of prior criminal history, and completion of multiple prison rehabilitation classes).

Absent any evidence as to Defendant's prison record, the Court hereby DENIES Defendant's Motion for Judicial Recommendation.  (ECF No. 351.)

IT IS SO ORDERED.

**DATED:**  April 5, 2022

Troy L. Nunley
United States District Judge